FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   MAY 1 6 2012   ★

LONG ISLAND OFFICE

Jeffrey S. Dubin, P.C.
Attorneys for Plaintiffs
464 New York Avenue
Suite 100
Huntington, New York 11743
631.351.0300
631.351.1900 FAX
DubinJS@cs.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SHEET METAL WORKERS' NATIONAL
PENSION FUND; NATIONAL ENERGY
MANAGEMENT INSTITUTE COMMITTEE
FOR THE SHEET METAL AND AIR
CONDITIONING INDUSTRY; SHEET METAL
OCCUPATIONAL HEALTH INSTITUTE
TRUST; INTERNATIONAL TRAINING
INSTITUTE FOR THE SHEET METAL AND
AIR CONDITIONING INDUSTRY; and
NATIONAL STABILIZATION AGREEMENT
OF THE SHEET METAL INDUSTRY FUND,

CIVIL ACTION NO.
11 CV 4753 (SJF) (ETB)
ECF CASE

SETTLEMENT STIPULATION
AND ORDER

                                    Plaintiffs,

                    -against-

ARC MECHANICAL CORP., and ANTHONY
TAORMINA, as an individual,

                                    Defendants.
-------------------------------------------------------x

        IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for the

plaintiffs and the attorneys for the defendants, all the parties to the above entitled action, that

A.T.

whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, the above entitled action is settled upon the following terms and conditions:

1.    Defendant Arc Mechanical Corp., agrees that it is a party to a collective bargaining agreement with Local Union 28, Sheet Metal Workers' International Association.

2.    Pursuant to said collective bargaining agreement, defendants, although they do not admit liability, agree to pay contributions of $22,647.86, to the Sheet Metal Workers' National Pension Fund; the National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry; the Sheet Metal Occupational Health Institute Trust; the International Training Institute for the Sheet Metal and Air Conditioning Industry; and the National Stabilization Agreement of the Sheet Metal Industry Fund.

3.    Defendants, although they do not admit liability, agree to pay interest of $984.18, to the Sheet Metal Workers' National Pension Fund; the National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry; the Sheet Metal Occupational Health Institute Trust; the International Training Institute for the Sheet Metal and Air Conditioning Industry; and to the National Stabilization Agreement Of the Sheet Metal Industry Fund.

*Page Number -2-*

A.J.

4.    Defendants, although they do not admit liability, agree to pay liquidated damages of $4,529.55, to the Sheet Metal Workers' National Pension Fund; the National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry; the Sheet Metal Occupational Health Institute Trust; the International Training Institute for the Sheet Metal and Air Conditioning Industry; and to the National Stabilization Agreement Of the Sheet Metal Industry Fund.

5.    In consideration of the settlement of this action, said liquidated damages of $4,529.55, are waived, provided that defendants are not in default under this Settlement Stipulation. If defendants default under this Settlement Stipulation, the liquidated damages of $4,529.55 shall be added to any judgment obtained under this Settlement Stipulation.

6.    Defendants, although they do not admit liability, agree to pay late fees of $1,727.10, to the Sheet Metal Workers' National Pension Fund; the National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry; the Sheet Metal Occupational Health Institute Trust; the International Training Institute for the Sheet Metal and Air Conditioning Industry; and to the National Stabilization Agreement Of the Sheet Metal Industry Fund.

7.    Defendants, although they do not admit liability, agree to pay to plaintiffs attorney's fees of $7,675.00, and costs of $658.99.

*Page Number -3-*

*A.T.*

8.     Defendants, although they do not admit liability, agree to pay to plaintiffs said contributions; interest; liquidated damages; late fees; attorney's fees and costs, which amount to $33,693.13.

9.     Defendants shall pay the sum in 60 installments.   The first installment of $561.55, is due upon execution of this agreement by the defendants.   Thereafter, defendants shall make 59 monthly payments, each in the amount of $561.55, together with 0.25 percent per month interest on the declining balance, added to the payment, as per the attached payment schedule. Payments shall be post marked on or before the first business day of the month that is closest to the first day of the month. The second installment is due on or before June 1, 2012. Payments shall be made by good check, payable to Jeffrey S. Dubin, as attorney, and sent to Jeffrey S. Dubin, Esq., 464 New York Avenue, Suite 100, Huntington, New York 11743.

10.     Default by defendants is defined as the failure to make any required payment in full, including interest, within ten (10) days of its due date, and the failure to cure after ten (15) days telecopier/facsimile notice to defendants and their legal counsel. Default is further defined as the dishonor of any check tendered as payment hereunder, and the failure to cure after ten (15) days telecopier/facsimile notice to defendants and their legal counsel. Default by defendants is further defined as the failure to continue to pay during the term of this

A · T ·

Agreement, all current contributions due and owing on or before the date such contributions are due, for as long as defendants are legally obligated to contribute to the plaintiffs. Default by defendants is further defined as the failure to file during the term of this Agreement, all contribution reports on or before the date such contribution reports are due, for as long as defendants are legally obligated to file such reports with the plaintiffs.

11.    The defendants agree that if more than three telecopier/facsimile notices are required to be given under the preceding section, the defendants shall be charged $50.00 for each additional set of notices. Failure to pay said $50.00 within 30 days of the date of the additional notice shall be considered a default under this Settlement Stipulation.

12.    Upon default by defendants, defendants consent to the entry of a judgment against them, jointly and severally, without further notice, in the amount of $38,222.68, less any amounts paid hereunder, plus interest of 8.5% per annum on the amounts due from the date the payment was due, until the date paid, plus attorney's fees and costs, all as provided for by the Employee Retirement Income Security Act (ERISA), 29 U.S.C., § 1001, et. seq., in the United States District Court for the Eastern District of New York.

13.    Plaintiffs agree that upon payment in full hereunder, plaintiffs' attorney shall forthwith prepare a Release of defendants for all claims asserted in this action, or if a judgment has been entered hereunder, a Satisfaction of Judgment, and in such event, he shall

*Page Number -5-*

A.T.

file the same with each Clerk with whom said judgment was docketed.

14.    The Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Settlement Agreement and any Order or Judgment resulting therefrom.

15.    Either party may, without notice, submit this Agreement to the Court to be "so ordered."

16.    The parties agree that the defendants have entered into this Stipulation for the purpose of resolving plaintiffs' claims without protracted litigation. The parties further agree that this Stipulation is made without prejudice to the parties' rights and defenses in any other matters or disputes between the parties, or between either of the parties and any third parties.

17.    This Stipulation covers contributions due for the period of May 1, 2011, through July 31, 2011, and interest through November 28, 2011, and late fees from September 1, 2010 through April 30, 2011. The parties agree that if at any time in the future, an audit of the payroll records of the defendants reveal that additional amounts of contributions than are provided for by this Settlement Stipulation, were due for the time period covered by this Settlement Stipulation, the plaintiffs may seek to collect said additional contributions and may file suit to recover same.

18.    The parties agree that if at any time in the future, an audit of the payroll records of the defendants reveal that lesser amounts of contributions than are provided for by this

*Page Number -6-*

A.J.

Settlement Stipulation, were due for the time period covered by this Settlement Stipulation, the defendants may seek to collect said overpayments and may file suit to recover the same.

19. The parties agree that if at any time in the future, the defendants report to the plaintiffs additional hours of covered employment that occurred during the time period covered by this Settlement Stipulation, the plaintiffs may seek to collect the contributions that are due for such additional hours, plus any interest, penalties and attorney's fees and may file suit to recover the same.

20. The parties agree that if at any time in the future a participant of any of the plaintiffs comes forward with evidence of hours worked for defendants, but not reported by defendants, the plaintiffs may pursue such remedies as they may have with respect to said unreported hours.

21. This Settlement Stipulation does not include the settlement of any withdrawal liability the defendants may now have or may have in the future.

22. This Settlement Stipulation constitutes the entire understanding between the parties with respect to the matters addressed herein and supersedes any and all prior written and/or oral agreements, representations, warranties, statements, promises, undertakings or understandings, if any, pertaining to the subject matter hereof.

*Page Number -7-*

A.T.

23.    This Settlement Stipulation may only be amended by a written instrument signed by the party or parties to be charged thereby. Neither the parties, nor their agents have made promises or oral or written statements other than those that appear within this Settlement Stipulation. This Settlement Stipulation may not be altered, amended or modified or otherwise changed in any respect whatsoever, except by a subsequent writing executed by all of the parties.

24.    The parties agree and hereby state that the consideration stated herein is the sole consideration for this Settlement Stipulation and that such consideration is contractual and not a mere recital.

25.    Each of the parties to this Settlement Stipulation hereby represents and warrants to one another that he or it has read this entire Settlement Stipulation, that the contents are fully known and understood and that the same has been executed by its own free will, without any promises other than as set forth herein, threats or the exertion of duress upon it.

26.    Each of the parties to this Settlement Stipulation represents and warrants to each other that (a) this Settlement Stipulation has been duly authorised by it and the persons or person executing this document is authorized to do so on its behalf, (b) the execution and performance of this Settlement Stipulation shall not violate any other obligation which it may

*Page Number -8-*

A .T.

have by contract or operation of law, and [c] the person signing this Settlement Stipulation is legally competent to execute this document.

27. The parties agree that they have jointly drafted this Settlement Agreement and in any event each of them waives any right to assert any rule of construction that would operate to construe any ambiguity against any party drafting this Settlement Stipulation.

28. This Settlement Stipulation shall be binding and enforceable against, and shall inure to the benefit of, all successors, assigns, and representatives of the parties, and the other persons and entities to be released. This Settlement Stipulation is intended to benefit the parties only, and shall not be construed to benefit any person not a party hereto.

29. Whenever possible, each provision of this Settlement Stipulation shall be interpreted in such a manner to be effective and valid under applicable law, but if any provision of this Settlement Stipulation shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Settlement Stipulation.

A.T.

Dated:      Huntington, New York
            May 10, 2012

_____                    /s/_____
SAUL D. ZABELL                             JEFFREY S. DUBIN
Zabell & Associates, P.C.                  Jeffrey S. Dubin, P.C.
Attorneys for Defendants                   Attorney for Plaintiffs
1 Corporate Drive                          Suite 100
Suite 103                                  464 New York Avenue
Bohemia, New York 11716                    Huntington, New York 11743
631-589-7242                               631.351.0300
SZabell@LaborLawsNY.com                    631.351.1900 FAX
                                           DubinJS@cs.com

The Clerk of the Court shall close this case.

Dated: _5/16/12____

SO ORDERED:

 s/ Sandra J. Feuerstein
_____
United States District Judge

*Page Number -10-*

A.T.

Arc Mechanical Corp. - Payment Schedule        (Prepared 5/11/12)

| Payment # & Due Date | Interest @ 0.25% | Payment | Balance |
|---|---|---|---|
| | | | $ 33,693.12 |
| 1.  Upon execution | -0- | $561.55 | $ 33,131.58 |
| 2.   6/1/12 | $ 82.83 | $644.38 | $ 32,570.03 |
| 3.   7/2/12 | $ 81.43 | $642.98 | $ 32,008.48 |
| 4.   8/1/12 | $ 80.02 | $641.57 | $ 31,446.93 |
| 5.   9/4/12 | $ 78.62 | $640.17 | $ 30,885.38 |
| 6.  10/1/12 | $ 77.21 | $638.76 | $ 30,323.83 |
| 7.  11/1/12 | $ 75.81 | $637.36 | $ 29,762.28 |
| 8.  12/3/12 | $ 74.40 | $635.95 | $ 29,200.73 |
| 9.   1/2/13 | $ 73.00 | $634.55 | $ 28,639.18 |
| 10.  2/1/13 | $ 71.60 | $633.15 | $ 28,077.63 |
| 11.  3/1/13 | $ 70.19 | $631.74 | $ 27,516.08 |
| 12.  4/1/13 | $ 68.79 | $630.34 | $ 26,954.53 |
| 13.  5/1/13 | $ 67.39 | $628.94 | $ 26,392.98 |
| 14.  6/3/13 | $ 65.98 | $627.53 | $ 25,831.43 |
| 15.  7/1/13 | $ 64.58 | $626.13 | $ 25,269.88 |
| 16.  8/1/13 | $ 63.17 | $624.72 | $ 24,708.33 |
| 17.  9/3/13 | $ 61.77 | $623.32 | $ 24,146.78 |
| 18. 10/1/13 | $ 60.37 | $621.92 | $ 23,585.23 |
| 19. 11/1/13 | $ 58.96 | $620.51 | $ 23,023.68 |
| 20. 12/2/13 | $ 57.56 | $619.11 | $ 22,462.13 |
| 21.  1/2/14 | $ 56.15 | $617.70 | $ 21,900.58 |
| 22.  2/3/14 | $ 54.75 | $616.30 | $ 21,339.03 |
| 23.  3/3/14 | $ 53.35 | $614.90 | $ 20,777.48 |

| | | | |
|---|---|---|---|
| 24. 4/1/14 | $ 51.94 | $613.49 | $ 20,215.93 |
| 25. 5/1/14 | $ 50.54 | $612.09 | $ 19,654.38 |
| 26. 6/2/14 | $ 49.14 | $610.69 | $ 19,092.83 |
| 27. 7/1/14 | $ 47.73 | $609.28 | $ 18,531.28 |
| 28. 8/1/14 | $ 46.33 | $607.88 | $ 17,969.73 |
| 29. 9/2/14 | $ 44.92 | $606.47 | $ 17,408.18 |
| 30. 10/1/14 | $ 43.52 | $605.07 | $ 16,846.63 |
| 31. 11/3/14 | $ 42.12 | $603.66 | $ 16,285.08 |
| 32. 12/1/14 | $ 40.71 | $602.26 | $ 15,723.53 |
| 33. 1/2/15 | $ 39.31 | $600.86 | $ 15,161.98 |
| 34. 2/2/15 | $ 37.90 | $599.45 | $ 14,600.43 |
| 35. 3/2/15 | $ 36.50 | $598.05 | $ 14,038.88 |
| 36. 4/1/15 | $ 35.10 | $596.65 | $ 13,477.33 |
| 37. 5/1/15 | $ 33.69 | $595.24 | $ 12,915.78 |
| 38. 6/1/15 | $ 32.29 | $593.84 | $ 12,354.23 |
| 39. 7/1/15 | $ 30.89 | $592.44 | $ 11,792.68 |
| 40. 8/3/15 | $ 29.48 | $591.03 | $ 11,231.13 |
| 41. 9/1/15 | $ 28.08 | $589.63 | $ 10,669.58 |
| 42. 10/1/15 | $ 26.67 | $688.22 | $ 10,108.03 |
| 43. 11/2/15 | $ 25.27 | $586.82 | $  9,546.48 |
| 44. 12/1/15 | $ 23.87 | $ 585.42 | $  8,984.93 |
| 45. 1/4/16 | $ 22.46 | $584.01 | $  8,423.38 |
| 46. 2/1/16 | $ 21.06 | $582.61 | $  7,861.83 |
| 47. 3/1/16 | $ 19.65 | $581.20 | $  7,300.28 |
| 48. 4/1/16 | $ 18.25 | $579.80 | $  6,738.73 |
| 49. 5/2/16 | $ 16.85 | $578.40 | $  6,177.18 |
| 50. 6/1/16 | $ 15.44 | $576.99 | $  5,615.63 |
| 51. 7/1/16 | $ 14.04 | $575.59 | $  5,054.08 |

| | | | |
|---|---|---|---|
| 52. 8/1/16 | $ 12.63 | $574.18 | $ 4,492.53 |
| 53. 9/1/16 | $ 11.23 | $572.78 | $ 3,930.98 |
| 54. 10/3/16 | $ 9.83 | $571.38 | $ 3,369.43 |
| 55. 11/1/16 | $ 8.42 | $569.97 | $ 2,807.88 |
| 56. 12/1/16 | $ 7.02 | $568.57 | $ 2,246.33 |
| 57. 1/2/17 | $ 5.62 | $567.17 | $ 1,684.78 |
| 58. 2/1/17 | $ 4.21 | $565.76 | $ 1,123.23 |
| 59. 3/1/17 | $ 2.81 | $564.36 | $ 561.68 |
| 60. 4/3/17 | $ 1.40 | $562.95 | $ -0- |